SPRAGUE *v.* MATTHEWS.

Opinion delivered January 19, 1925.

1. SUBROGATION—DISSOLUTION OF CORPORATION.—Where a corporation settled with its creditors and with the consent of its stockholders, surrendered its charter, it had no claim against its stockholders to which any creditor could be subrogated.

2. ESTOPPEL—CREDITOR SETTLING WITH CORPORATION.—A purchaser of land from a corporation who surrendered his bond for title and accepted the return of the amount paid was estopped from recovering any damage from the corporation or its stockholders whose stock subscriptions were unpaid.

Appeal from Mississippi Chancery Court, Chicasawba District; *J. M. Futrell*, Chancellor; affirmed.

*Nelson & Crawford*, for appellant.

The stockholders received assets of the corporation in the form of dividends at a time when the corporation was insolvent. Elliott on Private Corp. 3d. ed. par.

551, p. 606; *Id.* p. 309; 128 Ark. 620; 123 Ark. 575.    The appellant in his business dealings with the corporation could rely upon the corporation performing its duty by collecting the unpaid subscriptions and applying same to corporate indebtedness.    123 Ark. 575; 54 Ark. 580; 96 Ark. 1; 87 Ark. 521; 96 Ark. 1; 91 U. S. 60.    Appellant is entitled to be subrogated to the rights of the corporation against appellee.    39 Ark. 542; 108 Ark. 555.

*Little, Buck & Lasley,* for appellee.

HUMPHREYS, J.    Appellant instituted this suit in the chancery court of Mississippi County, Chicksawba District, against appellees to recover $1,613.50 lost by him on account of the alleged wrongful withdrawal and appropriation of funds to that amount by one of the appellees, S. J. Matthews, from his coappellee, Leachville Farm and Development Company, in which Matthews was a stockholder.

S. J. Matthews filed a separate answer denying the material allegations in the bill. and alleging that, prior to the institution of the suit, his coappellee had settled all of its debts, including appellant's claim against it, and it surrendered its charter.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a dismassal of the bill for the want of equity, from which is this appeal.

The facts are in substance as follows:    S. J. Matthews and nine associates organized the Leachville Farm and Development Company, in the month of October, 1919, for the purpose of purchasing, developing and selling real estate, with a capital stock of $32,000, consisting of 1,820 shares of the par value of $25 each.    Each stockholder subscribed for 128 shares of stock, and made a cash payment thereon of $500 each, making a total payment of cash on stock to the corporation of $5,000. Most of this money was used in making the first payment on a 360.5-acre tract of land which the corporation purchased for $32,625.    It made a cash payment of $3,638 and assumed an indebtedness thereon of $28,987 to

Virgil MacKay, who had a deed of trust upon the land to secure such sum. The corporation divided the land into small tracts and sold them on deferred payments, giving the purchaser bonds for title. Sixty acres along the Blytheville-Manila-Leachville hard road was divided into tracts of approximately six acres each, numbered from one to ten inclusive and sold to the stockholders for $80 an acre upon deferred payments. S. J. Matthews purchased lot 2, and afterwards sold his equity therein to appellant for $913.50, and, by and with the consent of the corporation, assigned his contract of bond for title to him. Appellant assumed and agreed to pay the deferred payments to the corporation, and paid it $80 in 1920 and the same amount in 1921. Practically all the other purchasers made default in the payment of the second installment, and, on that account, the corporation was unable to pay the mortgage upon the land to MacKay without requiring the stockholders to pay the balance due upon their stock. The corporation decided to raise enough from the stockholders to refund the purchasers of the several tracts the payments they had made thereon, and, upon the surrender of their bonds for title, to deed the whole track back to MacKay in settlement of his mortgage, amounting to $28,980 and interest, if it could effect such an arrangement with the purchasers and MacKay. This arrangement was effected, and a sufficient sum was procured from the stockholders to refund the purchasers the amounts they had paid. Each purchaser, including appellant, accepted the amount he had paid to the corporation and surrendered his bond for title, whereupon the corporation conveyed the entire tract to MacKay in full settlement of his debt. It then paid what few debts it owed, and surrendered its charter.

Afterwards appellant rented from MacKay the six-acre tract which he had purchased from Matthews. During the time appellant occupied the six-acre tract as purchaser he placed several hundred dollars in improvements thereon.

Appellant contends for a reversal of the decree upon the theory that the corporation did not force its stockholders to pay the balance due upon their stock and use the money to pay the mortgage indebtedness to MacKay so it could have carried out its contract with appellant and others. The argument is made that the method adopted for winding up the affairs of the corporation amounted to a withdrawal of the assets of the corporation by Matthews and the other stockholders, thus causing him to lose the amounts he paid Matthews and expended in improvements upon the property. In other words, he contends that he is entitled to recover his losses by subrogation to the rights of the corporation to collect the balance due it from Matthews upon his stock subscription. After settlement by the corporation with its creditors it had a right to surrender its charter, by and with the consent of its stockholders, and, when the stockholders decided to dissolve the corporation and discontinue business, it had no claim against the stockholders to which any one could be subrogated. Appellant clearly lost his rights to specifically enforce his contract by surrendering his bond for title for a consideration. In so doing he clearly estopped himself from recovering any damages from the corporation or its stockholders on account of unpaid subscriptions growing out of the transaction. He did not allege or attempt to prove that any fraud was practiced upon him, either by the corporation or Matthews.

No error appearing, the decree is affirmed.